UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

       Plaintiff,

v.                                                     Criminal Case No. 05-80843
                                                     (Civil Case No. 08-13726)
JAMES THOMAS JONES,                Honorable Patrick J. Duggan

       Defendant.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT'S MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 16, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

       On October 17, 2006, Defendant James Jones pleaded guilty pursuant to a plea agreement with the Government to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). This Court subsequently sentenced Defendant to a term of imprisonment of 27 months. Presently before the Court is Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Defendant contends that his counsel was ineffective in failing to argue at sentencing and on direct appeal that his prior conviction for possession of a sawed-off shotgun is not a "crime of violence" under § 2K2.1(a)(4)(A) of the United States Sentencing Guidelines ("U.S.S.G."

or "sentencing guidelines").[1]

**Background**

Defendant, who had two prior felony convictions, was arrested on April 7, 2005, on an outstanding warrant from South Carolina, charging him with two counts of assault and battery. At the time of his arrest, Defendant was found to be in possession of two firearms. On September 20, 2005, a grand jury returned a two-count indictment charging Defendant with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm while a fugitive from justice in violation of 18 U.S.C. § 922(g)(2).

Defendant subsequently moved to suppress evidence seized by and statements that he made to the police officers who entered his home to arrest him on the outstanding warrant. After an evidentiary hearing, this Court denied Defendant's motion. Defendant thereafter entered into a plea agreement with the Government in which he agreed to plead guilty to the felon in possession of a firearm charge while reserving his right to appeal the Court's denial of his suppression motion.[2] (Doc. 24 at ¶ 1(D).)

---

[1] Defendant lists two grounds for relief in his motion. First, Defendant asserts that the Court violated his Fifth Amendment rights at sentencing when it determined that his prior offense for possession of a sawed-off shotgun was a crime of violence. Second, Defendant asserts that his counsel provided ineffective assistance by failing to argue at sentencing and on appeal that this prior offense was not a crime of violence. Defendant fails to explain how his Fifth Amendment rights were violated by the Court's finding and he fails to cite any case law relevant to this asserted ground for relief. Further, his brief focuses solely on his ineffective assistance of counsel claim. The Court therefore also will focus its analysis on that claim.

[2] The Government agreed to dismiss the possession of a firearm while a fugitive from justice charge.

With respect to his sentence, Defendant further agreed in the plea agreement that "[t]here are no sentencing guideline disputes" and that "Defendant's guideline range is 27-33 months as set forth in the attached worksheets." (*Id*. at ¶ 2(B).) The attached worksheets set forth a Base Offense Level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A), identifying Defendant's prior conviction for possession of a sawed-off shotgun as a "prior felony for [a] crime of violence." (*Id*., Worksheet A.) Sentencing guideline § 2K2.1(a)(4)(A) provides for a Base Offense Level of 20 where "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense."

In addition to reserving Defendant's right to appeal the Court's ruling on his suppression motion, the plea agreement also reserves Defendant's right to appeal his sentence if the Court imposed a sentence higher than the maximum allowed under the guideline range. (*Id*. at ¶ 5.) Defendant otherwise "waive[d] any right he has to appeal his conviction or sentence" in the plea agreement. (*Id*. ¶ 6.)

Defendant entered his guilty plea pursuant to the plea agreement on October 17, 2006. On February 5, 2007, this Court sentenced Defendant to a term of imprisonment of 27 months. Defendant thereafter filed a direct appeal, challenging this Court's denial of his suppression motion. The Sixth Circuit affirmed this Court's decision on January 10, 2008. Defendant filed the pending motion pursuant to § 2255 on August 27, 2008. The Government filed its response on November 12, 2008.

## Standard of Review

3

A prisoner is entitled to relief under 28 U.S.C. Section 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . ." 28 U.S.C. § 2255. In order to prevail as to alleged constitutional errors, a prisoner must establish "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citation omitted). Where the prisoner's motion alleges a non-constitutional error, the prisoner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Id*. (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

**Analysis**

Defendant contends that his counsel was ineffective because he failed to argue at sentencing or on direct appeal that possession of a sawed-off shotgun is not a crime of violence under U.S.S.G. § 2K2.1. Defendant argues that his prior offense "cannot be found to be a crime of violence," based on the Sixth Circuit's decision in *United States v. Amos*, 501 F.3d 524 (2007).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Courts apply a two-part

4

test to evaluate a defendant's claim that he or she was denied the effective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. The Sixth Circuit has instructed that in assessing counsel's performance, courts must consider "whether 'counsel's representation fell below an objective standard of reasonableness,' as measured by 'prevailing professional norms.'" *Rickman v. Bell*, 131 F.3d 1150, 1154 (6th Cir. 1997) (quoting *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064-65)). "To establish prejudice, a defendant must demonstrate a reasonable probability that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. at 1155 (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068). In the present matter, Defendant cannot satisfy the first prong of the *Strickland* test.

In *Amos*, the Sixth Circuit addressed as a matter of first impression whether the mere possession of a sawed-off shotgun constitutes a "violent felony" under the Armed Career Criminal Act ("ACCA"), concluding that it does not. *Amos*, 501 F.3d at 525. The Sixth Circuit issued its decision, however, almost six months after this Court sentenced Defendant. Moreover, the appellate court did not address whether possession of a sawed-off shotgun constitutes a "crime of violence" under the sentencing guidelines. Furthermore, prior to *Amos*, the weight of authority from the Circuit Courts was that the

5

mere possession of a sawed-off shotgun was a "crime of violence" under the sentencing guidelines or a "violent felony" under the ACCA. *Id.* at 527 (noting the holdings of the First, Fourth, Fifth, Seventh, Eighth, and Ninth Circuits). Lastly, the sentencing guidelines in effect at the time this Court sentenced Defendant– as well as the current guidelines– explicitly define possession of a sawed-off shotgun as a "crime of violence."

Application Note 1 in the Commentary to § 2K2.1(a)(4)(a) provides that "'[c]rime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." Application Note 1 of the Commentary to § 4B1.2 states that "'[c]rime of violence' does not include the offense of unlawful possession of a firearm by a felon, *unless* the possession was of a firearm described in 26 U.S.C. § 5845(a)." Section 5845(a) describes a sawed-off shotgun. 28 U.S.C. § 5845(a).

Given the law at the time of Defendant's sentencing, this Court cannot find that defense counsel provided ineffective assistance due to his failure to argue that possession of a sawed-off shotgun is not a "crime of violence." The Court also cannot find that defense counsel provided ineffective assistance due to his failure to raise this argument on appeal, as Defendant waived his right to appeal his conviction and sentence in his plea agreement with the Government, except as to the Court's ruling on his suppression motion and if the Court sentenced him beyond the guideline range (which it did not). The Court therefore concludes that Defendant is not entitled to relief pursuant to § 2255.

Accordingly,

Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.

6

§ 2255 is **DENIED**.

                                                  s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
James Thomas Jones, #40235-039
FMC Lexington
Federal Medical Center
P.O. Box 14500
Lexington, KY  40512

AUSA Pamela J. Thompson